IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK E. ALLEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-440 |
| | * | |
| VARIETY WHOLESALERS, INC., et al., | * | |
| | * | |
| Defendants | * | |

*****************************************************************************

## MEMORANDUM OPINION

This action involves a personal injury claim by Mark E. Allen ("Plaintiff") against Variety Stores, Inc., Variety Wholesalers Inc., Protective Insurance Company, Justin S.A. Foster, and Walter Jones (collectively "Defendants"). Currently pending before the Court is Plaintiff's Motion to Dismiss [33]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons and under the conditions set forth below, this Court will grant Plaintiff's Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he was injured on October 21, 2004 as a result of an automobile accident involving Defendants Justin S.A. Foster and Walter Jones. Plaintiff was operating a motor vehicle owned by Cressler Trucking, Inc. and insured under a policy issued by Defendant Protective Insurance Company. This insurance policy included "uninsured motorist coverage" which obligated Defendant Protective Insurance Company to pay the owner and occupants of the insured vehicle in the event the insured vehicle was involved in an accident with a vehicle that was uninsured at the time of the accident. Defendant Walter Jones was operating a motor vehicle and trailer owned by

Defendants Variety Stores, Inc. and Variety Wholesalers, Inc. At that time, Defendant Walter Jones was also employed by Defendants Variety Stores, Inc. and Variety Wholesalers, Inc. Defendant Justin S.A. Foster was operating a vehicle that Plaintiff alleges was not insured at the time of the accident.

Plaintiff filed this action on January 11, 2006 in the Circuit Court for Prince George's County, Maryland. On February 21, 2006 Defendants removed the case to federal court based on diversity jurisdiction, and this Court effectively denied Plaintiff's motion to remand the case to state court on May 5, 2006. Now Plaintiff seeks to voluntarily dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants oppose the dismissal.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure allow a plaintiff to voluntarily dismiss his action after the defendant has answered only "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). To guide its discretion in granting a Rule 41(a)(2) motion, this Court applies a multi-factor test which considers: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004). Because voluntary dismissal under Rule 41(a)(2) is favored, the court will grant the motion unless there is "substantial prejudice to the defendant." *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

## **ANALYSIS**

Plaintiff's Motion to Dismiss comes at an early stage in this litigation. Therefore, the

2

expense, diligence, and posture considerations in factors 1, 2, and 4, respectively, of the multi-factor test weigh in favor of granting Plaintiff's motion. What remains to be considered is the sufficiency of Plaintiff's reasons for dismissal and whether there is substantial prejudice to Defendants. In making this determination, this Court "must focus primarily on protecting the interests of the defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Plaintiff's stated reason for dismissing this action at this time is so that he can concentrate on his current medical condition and treatment. Plaintiff also desires the right to be able to refile his claim at a later time in either state or federal court. Although Plaintiff is correct in his assertion that the plaintiff's motive for seeking voluntary dismissal is ordinarily not material, those motives must be balanced against the interests of Defendants. Here, Defendants successfully removed this action from state court to federal court and this Court denied Plaintiff's motion to remand. As such, Defendants have a strong interest in having this action adjudicated in federal court. This Court must protect that interest. *See id.*

A defendant suffers legal prejudice "where a voluntary dismissal *potentially* unravels the effect of an earlier legal ruling." *RMD Concessions, L.L.C. v. Westfield Corp., Inc.*, 194 F.R.D. 241, 243 (E.D. Va. 2000) (emphasis added). While Plaintiff may very well decide to refile his complaint in federal court, a wholesale acceptance of Plaintiff's voluntary dismissal without prejudice and without any conditions will not ensure this result. A decision creating for Plaintiff a back door into state court will not only unravel this Court's earlier ruling, but will also completely ignore Defendants' strong interest in having this case adjudicated in federal court—a clear case of legal prejudice to Defendants.

However, Rule 41(a)(2) "permits the district courts to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis*, 819 F.2d at 1273. Limiting Plaintiff's right to refile his complaint only in the U.S. District Court for the District of Maryland protects the interests of Defendants and allows Plaintiff ample time to concentrate on his medical condition and treatment. As such, Plaintiff's Motion to Dismiss will be granted subject to the above condition.

## **CONCLUSION**

For the reasons and under the condition stated above, this Court will grant Plaintiff's Motion to Dismiss. An Order consistent with this opinion will follow.

|  |  |
|---|---|
| August 30, 2006 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |